UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CR-80011-ROSENBERG

UNITED STATES OF AMERICA,

v.

KESNER JOASEUS,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR COMPASSIONATE RELEASE

This cause is before the Court upon Defendant Kesner Joaseus's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). DE 166. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

On March 29, 2017, the Court sentenced Joaseus to 108 months imprisonment for one count of access device fraud and 24 months imprisonment for one count of aggravated identity theft, for a total sentence of 132 months. *See* DE 70, No. 16-cr-80010. The Court also sentenced him to 108 months for each of one count of conspiracy to commit mail fraud and one count of mail fraud, running concurrently with each other and with the sentence imposed in case number 16-cr-80010. *See* DE 155. Joaseus's total term of imprisonment was later reduced to 88 months upon the Government's motion pursuant to Federal Rule of Criminal Procedure 35(b)(1). DE 163.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

As an initial matter, Joaseus does not state that he has exhausted his administrative rights to appeal or presented a request to the warden of his facility as required by section 3582(c)(1). Joaseus is confined at McRae Correctional Facility ("McRae"), a privately managed prison, and there is a question how and whether section 3582(c)(1)'s exhaustion requirement applies in the

2

case of privately managed prisons. *See, e.g., United States v. Simmons*, No. 02-CR-2030, 2020 WL 3237620, at *2 (N.D. Iowa June 15, 2020) (noting differing conclusions reached by district courts on exhaustion by prisoners at facilities not managed by the Bureau of Prisons). Without making a determination as to how the statute's exhaustion requirement applies here, the Court concludes that a reduction in Joaseus's sentence would be inappropriate.

Joaseus notes that he is 50 years old and Black, which he argues constitutes "extraordinary and compelling" reasons warranting a sentence reduction. Although emerging evidence indeed shows distressing racial disparities in health outcomes for COVID-19 patients,[1] it is still incumbent upon the Court to undertake an individualized and holistic review of each applicant's health conditions when considering a motion for compassionate release. Joaseus has not identified any particular health condition considered by the Centers for Disease Control and Prevention to escalate the risk of COVID-19 complications.[2] And although risk is generally understood to increase with age, those at greatest risk are over 65, and Joaseus is 50.[3]

As for conditions at McRae, the Bureau of Prisons ("BOP") reports five active cases of COVID-19 among inmates.[4] BOP data also shows that one inmate has died due to COVID-19 and ten have recovered. The Court understands Joaseus's concerns regarding the presence of COVID-19 cases at his facility. However, the Court notes that upon the completion of his term of imprisonment, Joaseus will be surrendered to the custody of United States Immigration and

---

[1] *See generally Racial & Ethnic Minority Groups*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html (last accessed July 9, 2020).
[2] *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 9, 2020).
[3] *Older Adults*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 9, 2020).
[4] *COVID-19*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 9, 2020).

Customs Enforcement to await removal proceedings. *See* DE 155 at 4. Joaseus very likely will be held in an immigration detention facility, and the Court is aware that immigration detention facilities, like prisons, have had confirmed cases of COVID-19 and are implementing measures to respond to the spread of the disease in their populations. The Court has been presented with no information to indicate that Joaseus has less of a likelihood of exposure to COVID-19 at an immigration detention facility than at McRae. In light of the foregoing, the Court finds that Joaseus has not shown "extraordinary and compelling circumstances" warranting a sentence reduction.

Finally, the Court has considered all of the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C.§ 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). Those factors further convince the Court that a sentence reduction is not warranted. Joaseus was sentenced to a term of imprisonment at the bottom of his guideline range of 108 months (plus 24 months, running consecutively), and his sentence has already been reduced once on the Government's motion. The Court finds that an additional sentence reduction is not justified in light of the nature and circumstances of his offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Joaseus's Motion for Compassionate Release [DE 166] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 10th day of July, 2020.

*[signature]*

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record